# IN THE MATTER OF THE ESTATE OF WILLIAM D. MOULTON, DECEASED.

EQUITY.—ADMINISTRATION OF ESTATE.—APPOINTMENT OF ADMINISTRATOR.—Under the statutes granting general chancery jurisdiction to the district courts, and general probate jurisdiction to the probate courts, with a right of appeal to the district court from orders of probate courts, on appeal from an order denying petitioner's prayer to be appointed administrator, the district court after denying the petitioner's prayer, has no jurisdiction to appoint a third party administrator *de bonis non* and assume the administration of the estate, because the case is in the court by the appeal from the order.

ID.—ID.—JURISDICTION OF CHANCERY.—Equity should not take jurisdiction, except of the subject matter of an order from, in the settlement and distribution of estates of deceased persons,

or unless the case involves some special feature or exceptional circumstance warranting the interference of equity, such as fraud, waste, and the like, or unless it is of such a nature that a probate court is incompetent to give adequate relief, or is one of which the probate court having taken cognizance has miscarried and failed to do justice by its decree.

Appeal from a judgment of the district court of the first district, Hon. John W. Blackburn, judge. The opinion states the facts, except that there was no bill of exceptions ever taken or filed and the only record before the court was the order in the district court which was as follows: "This cause came on for hearing on the petition of George Smith, to be appointed administrator in this case and the court, now being fully advised therein, orders that said petition be denied, and the court after hearing suggestions as to the appointment of an administrator orders that E. E. Dudley, Esq., be appointed administrator *de bonis non* of this estate upon filing bonds in the sum of $40,000 to be approved by the probate judge of Wasatch county and that letters of administration issue to said Dudley; said administrator to make his report to the probate court of Wasatch county. Ordered that costs herein except the costs of Mary A. Moulton be taxed to George Smith."

The record also contained, but not in any bill of exceptions, a statement that the petition of George Smith was not certified up to the district court from the probate court of Wasatch county, but the notice of hearing thereon, with the orders refusing said George Smith's petition and the notice of appeal and undertaking, all in the probate court of Wasatch county were contained in the record, but not incorporated in any bill of exceptions.

*Mr. N. A. Robertson,* and *Messrs. Bennett, Marshall, and Bradley,* for the appellant Mary A. Moulton.

No petition for the appointment either of Smith or Dudley was before the district court, and no notice was given at any time, either in the probate or the district court for the appointment of any one else than Smith. The Utah statutes with the Poland bill grant exclusive original jurisdiction in probate matters to the probate courts; the district courts have simply appellate jurisdiction in probate matters. The district courts have original chancery jurisdiction, but in probate matters it is only proper to invoke the aid of a court of chancery where questions of purely equitable cognizance arise. *Little* v. *Bordwell,* 73 Am. Dec. 242, and cases cited; *Sanford* v. *Head,* 5 Cal. 297; *Baker* v. *O'Riorden,* 65 Cal. 368; *In re Estate of Hudson,* 63 Cal. 540. For full discussion see Pomeroy Eq. Jur. sec. 1154.

*Messrs. King and Houtz,* for the respondent.

There is no bill of exceptions here. All that is before the court is the order made below. It will be presumed that every fact necessary to give the court jurisdiction existed. It will be presumed that the order was made by consent. *Leese* v. *Clark,* 28 Cal. 26. Hayne on New Trial, sec. 285. Every fact urged for reversal is not contained in the record, but is stated in an affidavit, which is no part of the record.

ZANE, C. J.:

It appears from this record that the probate court of Wasatch county made an order on the 14th day of November, 1891, denying the prayer of the petition of one George Smith to be appointed administrator of the estate of William D. Moulton, deceased; that Smith appealed from that order to the district court of the first judicial district; and that this last-mentioned court also heard Smith's application for

appointment as such administrator, and denied his prayer, at the same time appointing one E. E. Dudley administrator *de bonis non* of the estate. From the judgment refusing to appoint Smith administrator, as prayed, and appointing Dudley administrator *de bonis non*, Mary L. Moulton, widow and heir of the late William D. Moulton, prosecuted this appeal. The appellant assigns as error the action of the court below in appointing Dudley administrator *de bonis non*.

The statutes of this Territory relating to the jurisdiction of probate courts and the settlement of estates (Comp. Laws Utah 1888, p. 103) commits the administration of the estates of deceased persons to the probate court. That being so, the district court should not take jurisdiction of any matter, in the administration of such estates, except upon appeal, or, in exceptional cases, where the probate jurisdiction is confessedly inadequate, or has actually shown itself insufficient. We hold that equity should not take jurisdiction in matters pertaining to administration and the settlement of estates, except on appeal of the subject of the order appealed from, or "unless the case involves some special feature or exceptional circumstances, of themselves warranting the interference of equity, such as fraud, waste, and the like, or unless it is of such nature that a probate court is incompetent to give adequate relief, or is one of which the probate court having taken cognizance has miscarried, and failed to do justice by its decree." I Pom. Eq. Jur. § 349. The appointment of Dudley as administrator was not brought before the district court on appeal, nor was it of equitable cognizance. The authority of the probate court, and the remedy it afforded, was sufficient and adequate. We hold that the order of the district court, appealed from, was erroneous. It is therefore reversed.

MINER, J., BARTCH, J., and SMITH, J., concurred.